# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3003

_____

United States of America,

        Appellee,

        v.

David Brian Bern,

        Appellant.

\*  
\*  
\*  
\*  
\*   Appeal from the United States
\*   District Court for the
\*   Northern District of Iowa.
\*  
\*   [UNPUBLISHED]
\*  

_____

Submitted: April 7, 2004

Filed: May 4, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

     David Bern appeals the district court's[1] judgment entered after a jury found him guilty of conspiring to distribute 500 grams or more of methamphetamine (mixture) and to manufacture 5 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and (B), and 846. In a brief filed pursuant to <u>Anders</u>

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

v. California, 386 U.S. 738 (1967), Bern challenges the admission of a gun into evidence at trial and the imposition of a role enhancement for sentencing purposes.

Following careful review, we find no abuse of discretion in the district court's admission of the gun found by law enforcement officials in a vehicle parked in front of Bern's home. See United States v. Johnson, 28 F.3d 1487, 1498 (8th Cir. 1994) (reviewing for abuse of discretion district court's decision to admit or exclude evidence), cert. denied, 513 U.S. 1098 (1995). Bern's objection centered around the government's inability to identify the registered owner of the gun, a fact to which the parties stipulated. Like the district court, we see no relationship between Bern's objection and the gun's admissibility, and we find no violation of Brady v. Maryland, 373 U.S. 83 (1963).

Turning to Bern's sentence, we conclude that the district court did not clearly err in adjusting Bern's offense level under the Sentencing Guidelines upward 3 levels for his role as a manager or supervisor of criminal activity involving 5 or more participants. See U.S.S.G § 3B1.1(b); United States v. Zimmer, 299 F.3d 710, 723-24 (8th Cir. 2002) (standard of review; manager or supervisor need only have managed or supervised one other participant of criminal conspiracy), cert. denied, 537 U.S. 1146 (2003).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment of the district court.

_____