# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3003

_____

United States of America,            *

                              *

         Appellee,         *

                              *      Appeal from the United States

     v.                   *      District Court for the

                              *      Northern District of Iowa.

David Brian Bern,            *

                              *          [UNPUBLISHED]

        Appellant.       *

_____

Submitted:  October 6, 2005
Filed:  November 16, 2005

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

David Bern was convicted by a jury of conspiracy to distribute 500 grams or more of methamphetamine (mixture) and to manufacture 5 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and (B), and 846. He was sentenced to 30 years in prison pursuant to the United States Sentencing Guidelines, which were mandatory at that time. We affirmed Bern's conviction and sentence on appeal, rejecting his challenges to the admission of evidence and to the imposition of a role in the offense enhancement at sentencing. United States v. Bern, 96 Fed. Appx. 428 (8th Cir. 2004) (unpublished), vacated, 125

S. Ct. 999 (2005). Bern then filed a pro se petition for a writ of certiorari in the United States Supreme Court, which the Court granted on January 24, 2005. The Court vacated our judgment and remanded the case to us for further consideration. See Bern v. United States, 125 S. Ct. 999 (2005). After reconsidering as directed in the light of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), and in the light of our own later decision in United States v. Pirani, 406 F.3d 543 (8th Cir.) (en banc), cert. denied, 126 S. Ct. 266 (2005), we now remand this case to the district court for resentencing.

At the time of Bern's conviction, the Guidelines established a base offense level of 36 for his criminal conduct. See United States Sentencing Guidelines Manual (USSG) § 2D1.1(c)(2) (2002). The district court then added two sentencing enhancements, finding that the government had met its burden of establishing facts to justify a three-level upward adjustment under USSG § 3B1.1(b) for Bern's role in the conspiracy and a two-level upward adjustment under USSG § 2D1.1(b) for possession of a firearm. These determinations raised his adjusted base offense level to 41. An offense level of 41, combined with Bern's criminal history category of II, established a sentencing range of 360 months to life in prison. In the phase of the appeal before us now, Bern alleges a Sixth Amendment violation based on the mandatory application of the Sentencing Guidelines and judicial fact-finding (as opposed to jury-found facts) in assessing the upward adjustments.

Bern did not raise an appropriate objection to his sentence on these same grounds prior to his appeal, thus we review for plain error. Pirani, 406 F.3d at 550. In order to succeed under the plain-error test, four elements must be satisfied; "'there must be (1) error, (2) that is plain, and (3) that affects substantial rights,'" and (4) even then the court will only remedy the error if it "'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quoting United States v. Johnson, 520 U.S. 461, 466-67 (1997)). An error under Booker is plain if the sentence imposed by the district court was done through a mistaken, although understandable,

application of the Sentencing Guidelines as mandatory. See id. To satisfy the third element of the plain error test, Bern must demonstrate a reasonable probability, based on the record as a whole, that he would have received a more favorable sentence had the Guidelines been treated as advisory. See id. at 551.

Bern has satisfied the first three requirements. The record not only indicates that the Guidelines were applied as mandatory, but that the district court was deeply dissatisfied with the Guidelines sentence. The court emphasized that it "deeply regret[ted] the sentence [it was] required to impose." (Sent. Tr. at 70). It went on to note that "[t]here's no value in sentencing you to 360 months" and that the sentence was "inhuman" based on its duration in comparison to the crime. Id. at 71. These comments lead us to conclude that there is a reasonable probability that the district court would have imposed a lesser sentence had the Guidelines been treated as advisory. Pirani, 406 F.3d at 553 & n.6.

When the first three factors of the plain error test have been met by the defendant, we as a court have "repeatedly chosen to exercise [our] discretion under the fourth factor to vacate the defendant's sentence." United States v. Betterton, 417 F.3d 826, 833 (8th Cir. 2005). We have recognized that failing to do so would cause a defendant to be incarcerated for a longer period of time than he or she would have been sentenced to had the Guidelines been treated as advisory. Id.

Thus, we find that Bern has satisfied the plain error test and that he should be resentenced under the post-Booker procedures where the Guidelines serve an advisory function. The district court must still first determine the applicable Guidelines sentencing range, as it would have done under the mandatory Guidelines system. United States v. O'Malley, 425 F.3d 492, 495 (8th Cir. 2005). In addition, Booker does not preclude a judge from determining all the relevant sentencing facts and any sentencing enhancements, even those on which a jury was not asked to make specific findings  Id.; United States v. Haack, 403 F.3d 997, 1003 (8th Cir.), cert.

<u>denied</u>, 126 S. Ct. 276 (2005). Once the court has determined the advisory Guidelines sentencing range, it can then look to the factors set forth in 18 U.S.C. § 3553(a) to determine if a higher or lower non-Guidelines sentence is warranted under all the circumstances.

Accordingly, we remand this case to the district court for resentencing pursuant to <u>Booker</u>.

_____